1   JAMES R. EVANS, JR., BAR NO. 119712
    JEFFREY MARGULIES, BAR NO. 126002
2   JOSEPH H. PARK, BAR NO. 175064
    **FULBRIGHT & JAWORSKI L.L.P.**
3   555 South Flower Street, 41st Floor
    Los Angeles, California  90071
4   Telephone:  (213) 892-9200
    Facsimile:   (213) 892-9494
5   jevans@fulbright.com
    jmargulies@fulbright.com
6   jpark@fulbright.com

7   Attorneys for Defendant
    WHITE HOUSE | BLACK MARKET, INC.
8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  LESLIE GOLBA, individually and on        Civil Action No.   '11 CV2774 L    POR
    behalf of all others similarly situated,
13
                Plaintiff,                   **NOTICE OF REMOVAL OF**
14                                           **ACTION UNDER 28 U.S.C.**
         v.                                  **§§ 1332, 1441, AND 1453**
15
    WHITE HOUSE BLACK MARKET,
16  INC., a Florida corporation,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

TO PLAINTIFF AND HER ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b), defendant White House | Black Market, Inc., a Florida corporation ("Defendant"), hereby removes to this Court the California Superior Court action entitled *Leslie Golba, individually and on behalf of all others similarly situated v. White House Black Market, Inc., a Florida corporation*, San Diego County Superior Court, Case No. 30-2011-00099503-CU-MC-CTL.

## I.    **PROCEDURAL FACTS**

1.    On October 17, 2011, plaintiff Leslie Golba ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of San Diego.  Plaintiff served Defendant with a copy of the Complaint on October 31, 2011.

2.    As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as Exhibit A are true and correct copies of the Summons and Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Package, and Notice of Assignment to Imaging Department, which constitute all process, pleadings and orders served on Defendant in the action.  Additionally, attached to this Notice of Removal as Exhibit B is a true and correct filed copy of Defendant's Answer to Plaintiff's Complaint filed with the California State Court on November 29, 2011.

3.    This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it has been filed within thirty days after service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

4.    Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the California State Court in which the action is

1    currently pending.  Defendant is also serving upon Plaintiff a Notice to Adverse

2    Party of Removal to Federal Court, together with a copy of this Notice of Removal,

3    pursuant to 28 U.S.C. § 1446(d).

4        5.    Pursuant to 28 U.S.C. § 84(c), the United States District Court for the

5    Southern District of California embraces the Superior Court of the State of

6    California, County of San Diego, where the action is currently pending.  This Court

7    is a proper venue for the action.

8        6.    Defendant White House | Black Market, Inc. is the sole Defendant

9    named in the Complaint.  No other defendants are required to consent to this Notice

10   of Removal.

11   **II.    SUMMARY OF COMPLAINT AND BASES FOR FEDERAL**

12   **JURISDICTION**

13       7.    Plaintiff alleges that she purchased items at Defendant's retail store in

14   Mission Viejo, California using a credit card.  (Complaint, ¶12.)  Plaintiff claims

15   that, "as a condition of using her credit card, Plaintiff was required by Defendant to

16   enter her personal identification information associated with her credit card,

17   including her full and complete ZIP code." (*Id.*, ¶ 14.)  Plaintiff further alleges that

18   "Defendant recorded, stored, and continues to store, in its database, Plaintiff's

19   personal identification information, including Plaintiff's name, ZIP code, and credit

20   card number." (*Id.*, ¶ 15.)

21       8.    Plaintiff asserts that Defendant's alleged actions violated California

22   Civil Code § 1747.08.  (Complaint, ¶¶ 24-28.)

23       9.    Plaintiff brings the action as a putative class action, identifying the

24   members of the potential class as:  "All persons from whom White House Black

25   Market requested and recorded personal identification information in conjunction

26   with a credit card transaction occurring in California in the one-year period

27   preceding the filing of this Complaint." (Complaint, ¶ 16.)  Plaintiff claims that the

28   putative class consists of millions of individuals. (*Id.*, ¶ 18.)

10.   Plaintiff seeks the award of civil penalties of up to one thousand dollars ($1,000) per violation, pre- and post-judgment interest, costs of suit, and attorneys' fees.  (*Id.*, Prayer for Relief, ¶¶ (c)-(e).)

**A.   This Action Satisfies the Requirements of Diversity Jurisdiction and is Removable Pursuant to the Class Action Fairness Act of 2005 ("CAFA")**

1.   The diversity-of-citizenship and amount-in-controversy requirements of CAFA are met.

11.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions.  The action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

12.   The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) – "any member of a class of plaintiffs is a citizen of a state different from any defendant" – is satisfied in this case in that Plaintiff and Defendant are citizens of different states.  The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is also satisfied, because the aggregate alleged claims of the individual members of the putative class, in the event the averments stated in the Complaint were correct (which Defendant denies), exceed the sum of $5,000,000, exclusive of interest and costs.

13.   Based on the Complaint, Plaintiff is a citizen of the State of California. (Complaint, ¶ 7.)

14.   Defendant was at the time of the filing of this action, and still is, a Florida corporation.  (Complaint, ¶ 8; Declaration of Kent A. Kleeberger ("Kleeberger Decl."), ¶ 5.)  Florida is the state in which Defendant's corporate headquarters are located and Florida is the state in which Defendant's officers direct, control and coordinate Defendant's activities.  (Kleeberger Decl., ¶ 5.)

DOCUMENT PREPARED
ON RECYCLED PAPER

Thus, the state of Florida is and was at all relevant times Defendant's principal place of business.

15. Defendant denies the allegations in the Complaint and denies that it collects personal identification information in violation of California Civil Code § 1747.08. Defendant contends that its conduct is lawful and is not prohibited by Civil Code § 1747.08 or any other California law. That notwithstanding, Plaintiff, on behalf of the putative class, seeks recovery of up to $1,000 for each of the alleged "millions" of individual class members who made credit card purchases at Defendant's California retail stores during the one year period preceding the filing of the action – between October 17, 2010 and October 17, 2011. (Complaint, ¶¶ 16, 18, 20, 28.)

16. During the October 17, 2010 – October 17, 2011 period, Defendant processed 391,927 credit card transactions at its California stores. Given that California Civil Code § 1747.08 gives the trial court discretion to award statutory penalties of up to $1,000 per transaction, if the trial court were to award $1,000 per transaction in this case against Defendant, the amount of the recovery sought well exceeds $5 million, exclusive of interest and costs. (Complaint, ¶¶ 16, 18, 20, 28; Kleeberger Decl., ¶ 6.)

17. Consequently, the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because Plaintiff's claim, based solely on the purported alleged civil penalties, well exceeds the jurisdictional minimum of $5 million, exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

2.    This case does not fall under the exceptions contained in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4).

18.    Neither of the exceptions to this Court's exercise of jurisdiction under 28 U.S.C. §§ 1332(d)(3) and (d)(4) exist in this case.  The exception set forth in 28 U.S.C. § 1332(d)(3) requires that, *inter alia*, the primary defendant be a citizen of the State in which this action was originally filed – California.  *See* 28 U.S.C. § 1332(d)(3) ("…and the primary defendants are citizens of the State in which the action was originally filed…").  Likewise, the exception set forth in 28 U.S.C. § 1332(d)(4) requires that, *inter alia*, at least one defendant be a citizen of the state in which this action was originally filed – California.  *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II)(cc) (defendant must be "citizen of the State in which the action was originally filed" for court to decline jurisdiction) and 1332(d)(4)(B) ("primary" defendant must be a citizen "of the State in which the action was filed" for court to decline jurisdiction).

19.    As Defendant – the only defendant in this action – is a citizen of Florida, not California, neither of the exceptions to this Court's exercise of jurisdiction over this matter under 28 U.S.C. §§ 1334(d)(3) and (d)(4) exist. Accordingly, because neither 28 U.S.C. § 1332(d)(3) nor 28 U.S.C. § 1332(d)(4) applies, there is no basis for remand.

3.    This case does not fall under any exceptions to removal of class actions pursuant to 28 U.S.C. § 1453(d).

20.    The Complaint does not contain a claim concerning a covered security as defined under Section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) or Section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)).

21.    The Complaint does not contain a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise, nor does

1  it arise under or by virtue of the laws of the State in which such corporation or
2  business enterprise is incorporated or organized.

3      22.    The Complaint does not contain a claim that relates to the rights, duties
4  (including fiduciary duties), or obligations relating to or created by or pursuant to
5  any security (as defined under section 2(a)(1) of the Securities Act of 1933
6  (15 U.S.C. 77b(a)(1)) or the regulations issued thereunder.

7      23.    Thus, the exception set forth in 28 U.S.C. § 1453(d) does not apply.

8

9      WHEREFORE, Defendant hereby gives notice that the above action pending
10  in the Superior Court of the State of California for the County of San Diego is
11  hereby removed in its entirety to this Court.

12

13  Dated:  November 29, 2011        JAMES R. EVANS, JR.
14                                   JEFFREY MARGULIES
                                     JOSEPH H. PARK
15                                   **FULBRIGHT & JAWORSKI L.L.P.**

16

17                                   _____/s/ Joseph H. Park_____
18                                   JOSEPH H. PARK
                                     Attorneys for Defendant
19                                   WHITE | HOUSE BLACK MARKET, INC.

20
21
22
23
24
25
26
27
28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leslie Golba, individually and on behalf of all others similarly situated

**DEFENDANTS**

White House Black Market, Inc., a Florida corporation

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment

Attorneys (If Known)

See Attachment

'11CV2774 L        POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III) yeb

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 yeb | | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 yeb | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 yeb |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, 1453                    28:1331 yeb

Brief description of cause:
Alleged violation of California Civil Code § 1747.08

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                    DOCKET NUMBER

DATE    11/29/2011

SIGNATURE OF ATTORNEY OF RECORD    /S/ Joseph H. Park

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## ATTACHMENT TO CIVIL COVER SHEET

### *Golba v. White House Black Market, Inc.*

Attorneys (Plaintiff):

> Francis A. Bottini, Jr. (SBN 175783)
> Jennifer M. Chapman (SBN 253065)
> CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
> 550 West C Street, Suite 2000
> San Diego, California 92101
> Tel:  (619) 241-4810
> Fax:  (619) 955-5318
> Email:  fbottini@cfsblaw.com; jchapman@cfsblaw.com

> Joseph J. Siprut
> SIPRUT PC
> 122 South Michigan Ave., Ste. 1850
> Chicago, Illinois  60603
> Tel:  (312) 588-1440
> Fax:  (312) 427-1850

Attorneys (Defendant)

> James R. Evans, Jr. (SBN 119712)
> Jeffrey Margulies (SBN 126002)
> Joseph H. Park (SBN 175064)
> FULBRIGHT & JAWORSKI L.L.P.
> 555 South Flower Street, 41st Floor
> Los Angeles, California  90071
> Tel:   (213) 892-9200
> Fax:   (213) 892-9494
> Email:  jevans@fulbright.com; jmargulies@fulbright.com;
>          jpark@fulbright.com